Filed 12/31/20  P. v. Viscaina CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FELICIA ANN VISCAINA,<br><br>    Defendant and Appellant. | A159426<br><br>(Contra Costa County<br>Super. Ct. No. 5-1314970) |

**MEMORANDUM OPINION[1]**

After defendant Felicia Ann Viscaina was charged with murder (Pen. Code, § 187[2]), accompanied by allegations of a strike (§§ 667, subds. (b)-(i), 1170.12) and a prior prison term (§ 667.5, subd. (b)), she pled no contest to voluntary manslaughter (§ 192, subd. (a)) and admitted both enhancements. She was sentenced to a total prison term of 25 years. Pursuant to section 1170.95, she subsequently sought resentencing. Counsel was appointed and the prosecution filed opposition. The trial court denied the petition, ruling defendant was ineligible given that her conviction was for manslaughter.

---

[1] This appeal is appropriately resolved by way of memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1, subdivisions (1) and (3).

[2] All further statutory references are to the Penal Code unless otherwise indicated.

Section 1170.95, subdivision (a)(1)-(3) provides:

"A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:
"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.
"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.
"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

Defendant concedes the language of section 1170.95 refers only to "murder" convictions. However, she maintains the statutory language does not foreclose applicability to manslaughter convictions and that "[i]f the Legislature intended to invalidate the natural and probable consequences doctrine as a substitute for intent to kill for one type of intentional homicide (murder), it rationally follows that it must have also intended to invalidate that same substitute for the other type of intentional homicide, i.e. voluntary manslaughter." She additionally claims, it would be both "absurd" and "fundamentally unfair" to conclude "the Legislature intended [Senate Bill No.] 1437 [(2017-2018 Reg. Sess.)] to reverse murder convictions but not lesser included convictions based on the exact same set of facts."

The Courts of Appeal have uniformly rejected such arguments. As Division Two of this court recently explained in *People v. Paige* (2020) 51 Cal.App.5th 194 (*Paige*), read "as a whole, considering both its structure and its language," the statute "cannot reasonably be understood to encompass

2

persons who accept a plea offer in lieu of trial for a crime other than murder. The first paragraph of section 1170.95, subdivision (a) sets forth the basic 'who' and 'what' of the statute—who may seek relief and what they may seek. The 'who' is '[a] person *convicted of felony murder or murder under a natural and probable consequences theory*' and the 'what' is the opportunity to 'file a petition with the court . . . *to have the petitioner's murder conviction vacated.*' [Citation.] . . . Given the structure of the statute and the language in the first paragraph of section 1170.95, subdivision (a), the reference to a person who 'accepted a plea offer' in subdivision (a)(2) must necessarily mean a person who accepted a plea to, and was convicted of, first or second degree murder in lieu of a trial at which he could have been convicted of either of those charges. Also relevant are section 1170.95, subdivision (d)(1), which refers to the court determining 'whether to vacate the murder conviction,' and section 1170.95, subdivision (d)(2), which allows the parties to stipulate 'that the petitioner is eligible to have his or her murder conviction vacated.' These provisions also expressly limit their application to murder convictions, and neither they nor any other part of the statute address granting relief from a conviction of any crime other than murder." (*Paige,* at p. 202, fn. omitted, quoting *People v. Turner* (2020) 45 Cal.App.5th 428, 435-436 (*Turner*).)

Division Two therefore agreed, as do we, with *Turner* and other cases that have concluded " 'the petitioning prerequisites and available relief indicate that the Legislature intended to limit relief to those convicted of *murder* under a theory of felony murder or natural and probable consequences murder' " and " 'section 1170.95 is unambiguous and does not provide relief to persons convicted of manslaughter.' " (*Paige supra,* 51 Cal.App.5th at p. 202; see *People v. Sanchez* (2020) 48 Cal.App.5th 914, 917–920 (*Sanchez*); *Turner, supra*, 45 Cal.App.5th at pp. 435–436; *People v.*

*Flores* (2020) 44 Cal.App.5th 985, 992–997; *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 ["The plain language of [section 1170.95] is explicit; its scope is limited to murder convictions."].)

Defendant's claim that the legislative history advances her cause, at bottom, is "based on a snippet of language from the uncodified section of Senate Bill No. 1437 stating the purpose of the bill is to more equitably sentence offenders 'in accordance with their involvement in *homicides*' (Stats. 2018, ch. 1015, § 1, subd. (b), italics added)." (*Paige, supra,* 51 Cal.App.5th at p. 203.) But this disregards other provisions. "[I]n the same uncodified section of the bill that sets forth its general purposes of fairly addressing culpability and reducing prison overcrowding caused by inequitable sentences, the Legislature also made the following findings. 'It is necessary to amend the felony murder rule and the natural and probable consequences doctrine, as it relates *to murder*, to ensure that *murder liability* is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (*Id.*, subd. (f), italics added.) 'Except as stated in subdivision (e) of Section 189 of the Penal Code, a conviction *for murder* requires that a person act with malice aforethought. A person's culpability for murder must be premised upon that person's own actions and subjective mens rea.' (*Id.*, subd. (g), italics added.)" (*Paige,* at p. 203; see *Turner, supra,* 45 Cal.App.5th at pp. 436–438.)

Finally, in claiming it is "absurd" and "fundamentally unfair" to deny resentencing to defendants who pled guilty to manslaughter, defendant overlooks the significant point that defendants who proceeded to trial and were convicted of *murder*, were sentenced accordingly, whereas those defendants who pled guilty to lesser charges were sentenced commensurately

4

to lesser crimes.  "As the court noted in *Turner*, '[t]he punishment for manslaughter is already less than that imposed for first or second degree murder, and the determinate sentencing ranges of 3, 6, or 11 years for voluntary manslaughter . . . permit a sentencing judge to make punishment commensurate with a defendant's culpability based on aggravating and mitigating factors.' (*Turner*, [*supra,* 45 Cal.App.5th] at p. 439; see § 193, subd. (a).)  Construing section 1170.95 to exclude those convicted of voluntary manslaughter by plea agreement therefore does not 'produce absurdity by undermining the Legislature's goal to calibrate punishment to culpability.' (*Turner*, at p. 439.)"  (*Sanchez, supra,* 48 Cal.App.5th at pp. 919–920, fn. omitted.)

## DISPOSITION

The order denying defendant's petition for re-sentencing is AFFIRMED.

_____

Banke, J.

We concur:

_____

Humes, P.J.

_____

Margulies, J.

A159426, People v. Visaina

6